IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01581-PAB-CBS

RENEE FOLTZ,

    Plaintiff,

v.

CHASE HOME FINANCE, LLC,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Renewed Motion to Dismiss [Docket No. 21] filed by defendant JPMorgan Chase Bank, National Association as successor by merger to Chase Home Finance, LLC.

Plaintiff filed this case in the District Court for Montrose County, Colorado, bringing state law claims against defendant for breach of contract, promissory estoppel, fraudulent misrepresentation, and violation of the Colorado Consumer Protection Act. Docket No. 1-1 at 4-6. Plaintiff filed an amended complaint, adding a claim for relief under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.* Docket No. 1-3 at 6. On June 4, 2014, defendant filed a notice of removal, asserting that the Court had federal question jurisdiction over plaintiff's ECOA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over plaintiff's state law claims pursuant to § 1367(a). Docket No. 1 at 3, ¶¶ 8-9. On September 30, 2014, plaintiff's second amended complaint was accepted for filing, Docket No. 20, which added a state law

claim for negligent misrepresentation. Docket No. 22 at 8.

On October 17, 2014, defendant filed the present motion, seeking the dismissal of plaintiff's second amended complaint. Docket No. 21. Defendant argues that plaintiff's ECOA claim is, among other things, barred by the statute of limitations. *Id.* at 12. Plaintiff conceded defendant's statute of limitations arguments, agreeing to the dismissal of her ECOA claim. Docket No. 24 at 2. As a result, the Court will grant defendant's motion to dismiss with respect to plaintiff's ECOA claim.

Having dismissed plaintiff's sole claim arising under federal law, the Court next addresses the issue of whether it should exercise supplemental jurisdiction over plaintiff's remaining claims, which are based upon state law. Plaintiff argues that her state law claims should be remanded. Docket No. 24 at 2. Defendant responds that plaintiff's argument is procedurally improper and further requests an opportunity to further brief the question of whether the Court should exercise supplemental jurisdiction over plaintiff's remaining claims. Docket No. 27 at 9. Defendant's position is unavailing. In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). While courts may exercise supplemental jurisdiction over state law claims if there is otherwise a jurisdictional basis for doing so, 28 U.S.C. § 1367(c)(3) states that a court may decline to exercise jurisdiction over such claims if "the district court has dismissed all claims over which it has original jurisdiction." When § 1367(c)(3) is implicated in the Tenth Circuit, courts are advised to dismiss pendent state law claims "'absent compelling reasons to the contrary.'" *Brooks v. Gaenzle*, 614

F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (reversing the district court's grant of summary judgment on state law claims); *Endris v. Sheridan Cnty. Police Dep't*, 415 F. App'x 34, 36 (10th Cir. 2011) ("any state-law claims for assault and battery or mental and emotional injury were inappropriate subjects for the exercise of pendent jurisdiction where all federal claims had been dismissed"). *But see Henderson v. Nat'l R.R. Passenger Corp.*, 412 F. App'x 74, 79 (10th Cir. 2011) (finding no abuse of discretion in trial court's decision to retain jurisdiction over state law claims after plaintiff voluntarily dismissed claims arising under federal law). The Court finds no compelling reason to retain jurisdiction and, even if given the opportunity, defendant does not suggest that it could provide one. Thus, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state-law claims. Plaintiff's state-law claims will be remanded. *See Thompson v. City of Shawnee*, 464 F. App'x 720, 726 (10th Cir. 2012) (unpublished) (holding that, when declining to exercise supplemental jurisdiction over state-law claims, court "had discretion either to remand the claims to the state court or to dismiss them").

It is therefore,

**ORDERED** that defendant's Renewed Motion to Dismiss [Docket No. 21] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that plaintiff's ECOA claim is **DISMISSED** with prejudice. It is further

**ORDERED** that this case is remanded to the District Court for Montrose County, Colorado where it was filed as Case No. 2014CV30076.

DATED February 25, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge