IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01581-PAB-CBS

RENEE FOLTZ,

    Plaintiff,

v.

CHASE HOME FINANCE, LLC,

    Defendant.

_____

**ORDER**
_____

The matter is before the Court on the Notice of Errata Re: Response to Motion to Dismiss (Doc. 24) [Docket No. 38] filed by plaintiff Renee Foltz.  The notice states:

> 1.  In her Response to Motion to Dismiss, Ms. Foltz argued that the sole basis for jurisdiction before this Court is federal question jurisdiction.  That assertion was incorrect.  This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy exceeds $75,000.  The Court also has supplemental jurisdiction over those claims under 28 U.S.C. § 1367, as stated in the scheduling order prepared by both parties.
> 2.  Plaintiff therefore concedes jurisdiction in this Court is proper and is not challenging the jurisdiction of this Court.

Docket No. 38.  According to the Notice of Electronic filing, plaintiff's notice was filed at 12:26 p.m. on February 25, 2015.

At 12:44 p.m. that same day, the Court's order on defendant's motion to dismiss [Docket No. 39] was docketed, which dismissed plaintiff's lone claim arising under federal law.  Because no federal claims remained, the Court declined to exercise supplemental jurisdiction over plaintiff's state-law claims and remanded the case.

Docket No. 39 at 3. The question therefore becomes whether plaintiff's notice is reason to vacate the Court's order remanding plaintiff's state-law claims. The Court concludes that it is not.

Plaintiff's notice is the first time that either party has suggested that this Court has diversity jurisdiction over this case. *See* Docket No. 1 at 3; Docket No. 22 at 2. The Court concludes that the notice is insufficient to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. First, plaintiff's notice contains only the assertions of counsel and is unsupported by citation to the second amended complaint, which asserts jurisdiction only pursuant to § 1331 and § 1367. Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." The proper vehicle by which to amend jurisdictional allegations is through the filing of an amended complaint, which plaintiff has not done.

Second, although plaintiff's notice claims that the parties are citizens of different states, the second amended complaint does not contain sufficient allegations regarding the citizenship of defendant Chase Home Finance, LLC. The second amended complaint alleges that

> 3. Defendant Chase Home Finance, LLC (herein "Chase Finance") is a New Jersey limited liability company with an address of 343 Thornall Street, Suite 7, Edison, New Jersey, 08837.
> 4. Defendant Chase Finance is a subsidiary of Chase Home Finance, Inc. Neither Chase Home Finance, LLC nor Chase Home Finance, Inc. appear to be registered and current with the Colorado Secretary of State.

Docket No. 22 at 1, ¶¶ 3-4. While, for diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of

business," 28 U.S.C. § 1332(c)(1); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990),[1] these considerations are irrelevant to the determination of the citizenship of an LLC. Although the Supreme Court and the Tenth Circuit have not spoken specifically on the issue of the citizenship of LLCs, the consensus throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens. *See MCP Trucking, LLC v. Speedy Heavy Hauling, Inc.*, No. 14-cv-02427-PAB, 2014 WL 5002116, at *1 (D. Colo. Oct. 6, 2014) (collecting cases). Furthermore, when an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court. *See Zambelli Fireworks Mfg. Co v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be") (internal quotation marks omitted); *see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011); *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009); *Delay v. Rosenthal Collins Grp.*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Jennings v. HCR ManorCare Inc.*, 901 F. Supp. 2d 649, 651 (D.S.C. 2012) ("an LLC's members'

---

[1] A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-3 (2010).

citizenship must be traced through however many layers of members there may be"); *cf. Carden*, 494 U.S. at 195 ("[W]e reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members."). The second amended complaint does not contain sufficient facts to determine the citizenship of Chase Home Finance, Inc. and it is not clear that Chase Home Finance, Inc. is the only constituent member of Chase Home Finance, LLC.

Third, although plaintiff suggests that the parties have consented to jurisdiction,"[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014).

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). The Court is without assurance that it has diversity jurisdiction over this case and, as a result, will not vacate its order remanding plaintiff's state-law claims.

It is so **ORDERED**.

DATED February 25, 2015.

            BY THE COURT:

            s/Philip A. Brimmer
            PHILIP A. BRIMMER
            United States District Judge